■ ALISA KOVALEVSKY et al., Respondents, v STARRETT CITY, INC., et al., Appellants. [652 NYS2d 83] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated December 19, 1995, as granted the plaintiffs' motion for a protective order to the extent that the defendants were (1) denied leave to conduct a physical examination of the infant plaintiff, (2) denied leave to conduct an examination before trial of the infant plaintiff, (3) required to reapply for permission to conduct an examination before trial of the infant plaintiff 60 days before trial, and (4) permitted to conduct a psychological or psychiatric examination of the infant plaintiff only on the conditions that the infant plaintiff's mother and treating psychologist were also present in the examining room, and the infant's counsel could be consulted outside the examining room at any time deemed appropriate by the mother or treating psychologist.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion by directing that the psychological or psychiatric examination of the infant plaintiff could be conducted by the defendants only on the conditions that the infant plaintiff's mother and treating psychologist were also present in the examination room, denying the defendants leave to have an ex-

amination before trial of the infant plaintiff, and requiring that the defendants reapply for permission to take the infant plaintiff's deposition 60 days before the trial (*see,* CPLR 3103).

We find no merit to the defendants' remaining contentions. Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.